# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

LARON N. CUNNINGHAM,                                       :

                  Plaintiff,             Case No. 3:13-cv-209

                                                             District Judge Timothy S. Black
   -  vs -                                      :      Magistrate Judge Michael R. Merz

THE HONORABLE MAUREEN O'CONNOR,
  et al.,


                  Defendants.              :

## REPORT AND RECOMMENDATIONS

      This action is before the Court for review prior to issuance of process. Plaintiff is a prisoner within the meaning of 28 U.S.C. § 1915A(c). Section1915A was added to the Judicial Code by the Prison Litigation Reform Act of 1995 Title VIII of P.L. 104-134, 110 Stat. 1321(effective April 26, 1996)(the "PLRA") and provides in pertinent part:

> **(a) Screening** -- The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
>
> **(b) Grounds for Dismissal** -- On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint --
> (1) is frivolous, malicious, or fails to state a claim upon which relief can be granted; or
> (2) seeks monetary relief from a defendant who is immune from such relief.

The PLRA also amends 28 U.S.C. § 1915(e)(2) to read as follows:

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that
>
> (A) the allegation of poverty is untrue; or
> (B) the action or appeal --
>
> (i) is frivolous or malicious;
> (ii) fails to state a claim upon which relief can be granted; or
> (iii) seeks monetary relief against a defendant who is immune from such relief.

A district court must screen prisoner complaints under both § 1915A and § 1915(e)(2). *McGore v. Wrigglesworth,* 114 F.3d 601 (6th Cir. 1997); *In re Prison Litigation Reform Act*, 105 F.3d 1131 (6th Cir. 1997)(Administrative Order 97-01 of Chief Judge Martin).  The PLRA is constitutional.  *Hampton v. Hobbs*, 106 F.3d 1281 (6th Cir. 1997).

A complaint is frivolous under 28 U.S.C. § 1915 if it lacks an arguable basis either in law or in fact.  *Denton v. Hernandez*, 504 U.S. 25 (1992);  *Neitzke v. Williams*, 490 U.S. 319 (1989); the language of § 1915A suggests strongly that Congress intended to carry the same meaning over to the new Act. The Court  "is not bound, as it usually is when making a determination based solely on the pleadings, to accept without question the truth of the plaintiff's allegations." *Denton*, 504 U.S. at 32.

The test for dismissal under Fed. R. Civ. P. 12(b)(6) has recently been re-stated by the Supreme Court:

> Factual allegations must be enough to raise a right to relief above the speculative level,  see 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235-236 (3d ed.2004)("[T]he pleading must contain something more ... than ... a statement of facts that merely creates a suspicion [of] a legally cognizable right of action"), on the assumption that all the allegations in the

> complaint are true (even if doubtful in fact), *see, e.g., Swierkiewicz v. Sorema N. A.*, 534 U.S. 506, 508, n. 1, 122 S.Ct. 992, 152 L.Ed.2d 1 (2002); *Neitzke v. Williams,* 490 U.S. 319, 327, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989)(" Rule 12(b)(6) does not countenance ... dismissals based on a judge's disbelief of a complaint's factual allegations"); *Scheuer v. Rhodes*, 416 U.S. 232, 236, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974) (a well-pleaded complaint may proceed even if it appears "that a recovery is very remote and unlikely").

*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

> [W]hen the allegations in a complaint, however true, could not raise a claim of entitlement to relief, "'this basic deficiency should ... be exposed at the point of minimum expenditure of time and money by the parties and the court.'" 5 Wright & Miller § 1216, at 233-234 (quoting *Daves v. Hawaiian Dredging Co.*, 114 F.Supp. 643, 645 (D. Hawaii 1953) ); see also *Dura [Pharmaceuticals, Inc. v. Broudo*, 544 U.S. 336, 125 S.Ct. 1627, 161 L.Ed.2d 577 (2005)], at 346, 125 S.Ct. 1627; *Asahi Glass Co. v. Pentech Pharmaceuticals, Inc* ., 289 F.Supp.2d 986, 995 (N.D.Ill.2003) (Posner, J., sitting by designation) ("[S]ome threshold of plausibility must be crossed at the outset before a patent antitrust case should be permitted to go into its inevitably costly and protracted discovery phase").

*Twombly*, 550 U.S. at 558; *see also Association of Cleveland Fire Fighters v. City of Cleveland, Ohio,* 502 F.3d 545 (6th Cir. 2007).  *Twombly* and *Iqbal* apply to review of complaints for failure to state a claim under §§ 1915A(b)(1) and 1915(e)(2)(B)(II). *Hill v. Lappin*, 630 F.3d 468 (6th Cir. 2010).

**Plaintiff's Complaint**

Plaintiff purports to bring this action under the Civil Rights Act of 1886, 42 U.S.C. § 1983, 1988, and 1990, and the Fifth and Fourteenth Amendments to the United States

3

Constitution.  He has sued The Honorable Maureen O'Connor, Chief Justice of the Ohio Supreme Court, and Phil Plummer, Sheriff of Montgomery County, Ohio, in both their individual capacities.

Plaintiff avers that he is being detained in the Montgomery County Jail in Sheriff Plummer's custody and "has not been afforded his right to adequate legal representation and/or access to adequate legal materials to represent himself." (Complaint, Doc. No. 5, PageID 17.) He asserts that "the State provides money to all counties in Ohio to make sure that all inmates detained in the State have adequate legal representation and access to adequate law materials and/or law library for inmates to research and/or represent themselves if they choose which is our right. *Id.* He accuses the Ohio Supreme Court and the Montgomery County Jail of failing to enforce and uphold the United States Constitution as it relates to defense of indigent criminal defendants. *Id.* at PageID 18.

As relief, Plaintiff demands legal representation by the Ohio State Bar Association and that he be provided timely access to "legal books such as Federal A.L.R., Fed. Supp., Annotated Code, American Jurisprudence, Black's Law Dictionary, Ohio Revised Code and any other law materials critical to the defense of all Ohio inmates." *Id.* at PageID 19-20.  He also demands compensatory and punitive damages in an unnamed amount. *Id.* at PageID 20.

## Analysis

### The Honorable Maureen O'Connor

The Ohio Supreme Court has no legal responsibility for providing or supervising the provision of legal materials to inmates. Its responsibility for overseeing the legal representation provided to indigent defendants is limited to its appellate authority over criminal convictions and its ultimate responsibility to enforce the ethical obligations of Ohio attorneys. The Complaint therefore states no claim against Chief Justice O'Connor in her official capacity. Insofar as the Complaint seeks money damages from the Ohio Supreme Court, this action is barred by the Eleventh Amendment to the United States Constitution. Insofar as the Complaint seeks money damages against Chief Justice O'Connor in her individual capacity, it is barred by judicial immunity.

Therefor all claims against Chief Justice O'Connor should be dismissed with prejudice.

### Montgomery County Sheriff Phil Plummer

Plaintiff has sued the Montgomery County Jail and Montgomery County Sheriff Phil Plummer in his individual and official capacities.

The Montgomery County Jail is not *sui juris,* not an independent suable legal entity. The proper suable entity is Sheriff Plummer in his official capacity.

The Complaint fails to allege any actionable conduct by Sheriff Plummer as an individual. *Heyne v. Metro. Nashville Pub. Schs*, 655 F.3d 556 (6th Cir. 2011), *citing Colvin v.*

*Caruso*, 605 F.3d 282, 292 (6th Cir. 2010)("Allegations of respondeat superior do not sustain a § 1983 claim against state employees in their individual capacities, meaning that officials are personally liable for damages under that statute 'only for their own unconstitutional behavior.'" (*quoting Leach v. Shelby Cnty. Sheriff,* 891 F.2d 1241, 1246 (6th Cir. 1989))).

Apart from the formal deficiencies just listed, suit will lie for injunctive relief against a custodian such as Sheriff Plummer in his official capacity, for failure to protect a pre-trial detainee's right of access to the courts. *Bounds v. Smith,* 430 U.S. 817 (1977). However, the State adequately provides defendants access to the courts when it provides them either an attorney **or** access to a law library. *Holt v. Pitts,* 702 F.2d 639, 640 (6th Cir. 1983). Prisoners may not dictate the method by which access to the courts will be assured. *Penland v. Warren County Jail*, 759 F.2d 524, 531 n.7 (6th Cir. 1985)(en banc). See also *Lewis v. Casey*, 518 U.S. 343, 351-354 (1996).

The docket of the Montgomery County Common Pleas Court in Mr. Cunningham's case reveals that he is detained on an indicted charge of robbery (available at www.clerk.co.montgomery.oh.us/pro, viewed July 10, 2013). Assistant Montgomery County Public Defender Kristine Comunale entered an appearance as Cunningham's defense attorney on May 22, 2013. *Id.* Cunningham has a low opinion of public defenders and other court-appointed counsel, but he has shown no actual defects in Ms. Communale's representation. The docket in his case also shows that he has filed a *pro se* motion to "demote" Ms. Communale and proceed as lead counsel himself. The docket does not yet reflect a ruling by Judge Atkins on that motion. While Mr. Cunningham has the undoubted right to represent himself under the Sixth Amendment, Judge Atkins must first hold a hearing to determine Cunningham's competency to do so. Any waiver of the right to counsel must be knowing, intelligent, and voluntary. *Johnson*

*v. Zerbst,* 304, U.S. 458, 464 (1938). Warnings of the pitfalls of proceeding to trial without counsel must be rigorously conveyed. *Patterson v. Illinois,* 487 U.S. 285, 298 (1988); *Faretta v. California,* 422 U.S. 806, 835 (1975).

Because the State is providing Cunningham his constitutional right of access to the courts by providing appointed counsel, he has no right to insist on law library access in addition. The Complaint as to Sheriff Plummer in his official capacity should therefore be dismissed with prejudice.

## Conclusion

In accordance with the foregoing analysis, it is respectfully recommended that the Complaint herein be dismissed with prejudice and that this Court certify to the Sixth Circuit that any appeal would be objectively frivolous and should not be permitted to proceed *in forma pauperis*.

July 11, 2013.

s/ *Michael R. Merz*
United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F). Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral

hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof.  Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140 (1985).