# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

LARON N. CUNNINGHAM,                      :

                        Plaintiff,                    Case No. 3:13-cv-209

                                                District Judge Timothy S. Black
-   vs -                               :        Magistrate Judge Michael R. Merz

THE HONORABLE MAUREEN O'CONNOR,
 et al.,


                        Defendants.         :

## SUPPLEMENTAL REPORT AND RECOMMENDATIONS

      This case is before the Court on Plaintiff's Objections (Doc. No. 7) to the Magistrate Judge's Report and Recommendations recommending that this case be dismissed with prejudice (Doc. No. 6).  Judge Black's has recommitted the case to the Magistrate Judge for reconsideration in light of the Objections (Doc. No. 8).

      Plaintiff filed this § 1983 action against The Honorable Maureen O'Connor, Chief Justice of the Ohio Supreme Court, and Phil Plummer, Sheriff of Montgomery County, Ohio, in both their individual and official capacities.

      Plaintiff avers that he is being detained in the Montgomery County Jail in Sheriff Plummer's custody and "has not been afforded his right to adequate legal representation and/or access to adequate legal materials to represent himself."  (Complaint, Doc. No. 5, PageID 17.)

He asserts that "the State provides money to all counties in Ohio to make sure that all inmates detained in the State have adequate legal representation and access to adequate law materials and/or law library for inmates to research and/or represent themselves if they choose which is our right. *Id.* He accuses the Ohio Supreme Court and the Montgomery County Jail of failing to enforce and uphold the United States Constitution as it relates to defense of indigent criminal defendants. *Id.* at PageID 18.

The Magistrate Judge recommended that claims for injunctive relief against the Ohio Supreme Court be dismissed because that Court does not have responsibility for direct management of the legal services provided to indigent defendants.  Rather, its responsibility is limited to deciding ethical complaints against Ohio attorneys and deciding claims of ineffective assistance of trial counsel or appellate on review of decisions of trial courts.  Plaintiff objections ask rhetorically:  if the Ohio Supreme Court does not have this responsibility, who does?  He accuses the Ohio Supreme Court of "stand[ing] by while the damage to our cases and effective defense has been done. . ."  (Objections, Doc. No. 7, PageID 30.)  It is simply not the clearly established constitutional law of the United States that a state supreme court can be sued because the county public defender organization, designated by the General Assembly to perform the function, is not providing an indigent defendant with the kind of service he wants.  No case law known to the Magistrate Judge places anything like this responsibility on state supreme courts.

The Report recommends that any claim for money damages against Chief Justice O'Connor in her official capacity be held barred by the Eleventh Amendment and any claims against her individually be found barred by judicial immunity.  Plaintiff objects that

> In a Commonwealth there is no Absolute Immunity for her nor any other judge.  Neither is there under U.C.C. 15 and if anyone

2

> believes their [sic] immune then let them look at case laws where judges were arrested right on the bench and/or sued for believing and thinking they could do what they wanted, not uphold the Constitution and/or stand by and watch American citizens rights be violated without enforcing or challenging those guilty of such injustice.

(Objections, Doc. No. 7, PageID 32.)  Our system of government is not a "commonwealth," but a federal republic; its highest law is the United States Constitution which, in its Eleventh Amendment, prohibits suits against States or state officials acting in their official capacities for money damages.  *Papasan v. Allain,* 478 U.S. 265, 276 (1986); *Hans v. Louisiana*, 134 U.S. 1 (1890); *Edelman v. Jordan*, 415 U.S. 651 (1974); *Florida Dep't. of State v. Treasure Salvors, Inc.*, 458 U.S. 670 (1982).

As far as judicial immunity of Chief Justice O'Connor for acts done or not done in her judicial capacity, the law has been clear that she is immune for well over a century.  The common law absolute immunity of judges was first recognized in this country in *Bradley v. Fisher,* 80 U.S. (*Wall*) 335 20 L. Ed. 646 (1872).  It was explicitly extended to actions under 42 U.S.C. § 1983 in *Pierson v. Ray,* 386 U.S. 547 (1967), and *Stump v. Sparkman*, 435 U.S. 349 (1978).  U.C.C. 15 has nothing to do with the case.

The Report also recommends dismissing any claim against the Montgomery County Jail because it is not a separate suable entity.  Cunningham responds that "[n]o court has ever held a hearing with federal jururs [sic] to prove that I Laron N. Cunningham am a separate legal entity or a corporation. . ."  Of course Plaintiff claims many times in the course of the Complaint and the Objections to be an individual American citizen with rights.  The fact that Mr. Cunningham has been sued as a natural person does nothing to prove that the Montgomery County Jail is

3

suable.  Plaintiff also claims without any authority that adding "et al." to Sheriff Plummer's name is a "corporate mark" which somehow makes Plummer suable in both his individual and official capacities.  No authority to that effect is known to the Magistrate Judge.

The Report recommended dismissing claims against Sheriff Plummer in his individual capacity because there was no allegation he had done anything personally to violate the Plaintiff's rights.  Cunningham says he means to allege that Plummer

> as well as the other defendants [of whom there are none except Chief Justice O'Connor] has done anything up to now or years past to ensure and/or enforce a level field for accused criminals by giving us or taking the initiative to provide us with adequate legal material and law library to stand a fair chance at equal protection by way of law, the knowledge thereof.

(Objections, Doc. No. 7, PageID 37.)  Plummer's name, he points out, is on the "front of our inmate handbook."  *Id.*

§ 1983 does not permit the imposition of liability on a superior for constitutional failings of his subordinates.  *Heyne v. Metro. Nashville Pub. Schs*, 655 F.3d 556 (6th Cir. 2011).

As pointed out in the Report, Montgomery County has chosen to provide defense services to indigent criminal defendants by having a public defender system.  That is not good enough for Mr. Cunningham.  He claims a right to law books so that he can second-guess his attorney, but the Constitution does not require that.  He claims a right to legal representation equal to what the wealthiest defendant could afford, but the Constitution does not require that.  He discourses at some length about his disagreements with his present attorney, but this Court is without power to force her to do as he wishes or the inclination to second-guess her representation until it is presented to us in a habeas corpus case.

4

Having reconsidered the case in light of the Objections, the Magistrate Judge again respectfully recommends that the case be dismissed with prejudice and that this Court certify to the Sixth Circuit that any appeal would be objectively frivolous and should not be permitted to proceed *in forma pauperis*.

July 22, 2013.

s/ *Michael R. Merz*<br>United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F). Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140 (1985).